# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

ROY GATES,

    Plaintiff,

v.                                  CIVIL ACTION NO.: CV507-064

TODD THOMAS, Warden; A. BOATRIGHT,
Unit Manager; PEGGY COOPER,
Assistant Warden; M. BROWN, Counselor;
JOHN DOE LOTT; JOHN DOE
CREAMER; JANE DOE STEED; Sgt.
BOATWRIGHT; JOHN DOE NELSON;
JANE DOE BUTLER, and GENE HARRIS,

    Defendants.

## MAGISTRATE JUDGE'S ORDER AND REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at Valdosta State Prison in Valdosta, Georgia, has filed an action pursuant to 42 U.S.C. § 1983 contesting the conditions of his confinement while he was housed at the Coffee Correctional Facility in Nicholls, Georgia. Plaintiff was granted leave of the Court by Order dated August 23, 2007, to proceed in forma pauperis in this action.

A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was

AO 72A
(Rev. 8/82)

dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision of the PLRA "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998).

A review of Plaintiff's history of filings reveals that he has brought at least three civil actions or appeals which were dismissed and count as strikes under § 1915(g): (1) Gates v. Thomas, 506CV103 (S.D. Ga. Feb. 14, 2007) (dismissed for failing to state a claim); (2) Gates v. Thomas, 506CV103 (S.D. Ga. June 7, 2007) (appeal dismissed as frivolous); and (3) Gates v. Wetherington, 101CV846 (N.D. Ga. June 4, 2001) (dismissed as being frivolous).

The Eleventh Circuit upheld the constitutionality of section 1915(g) in Rivera. In so doing, the Court concluded that section 1915(g) does not violate an inmate's rights to access to the courts, to due process of law, or to equal protection, or the doctrine of separation of powers. Rivera, 144 F.3d at 721-27. Because Plaintiff has filed three previously dismissed cases or appeals which qualify as strikes under section 1915(g), Plaintiff may not proceed *in forma pauperis* in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to § 1915(g).

Plaintiff cannot claim that he should be excused from prepaying the filing fee because of the "imminent danger of serious physical injury" exception to § 1915(g). In order to come within the imminent danger exception, the inmate must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th

Cir. 1999). As noted by the Court, "a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception to the statute." Id.

In his Complaint, Plaintiff asserts that Defendants, who are or were officials at Coffee Correctional Facility in Nicholls, Georgia, denied him access to the courts in a case he previously filed in this Court. At the time he filed his Complaint, Plaintiff had brought at least three cases that constitute strikes under § 1915(g). Plaintiff, who is now incarcerated at a penal institution other the Coffee Correctional Facility, has not shown how he was in imminent danger of serious physical injury by the acts of the Defendants at the time he filed his Complaint in this Court on August 13, 2007. Accordingly, the Court **VACATES** its August 23, 2007, Order. Plaintiff's request to proceed in forma pauperis is **DENIED**, and this case should be **DISMISSED**. If Plaintiff wishes to proceed with this action, he should be required to resubmit his complaint along with the full $350.00 filing fee.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 18th day of October, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE